Case 16-2188 Signature Mgmt Team LLC v. John Doe Argument not to exceed 15 minutes per side. Mr. Sneed, you may proceed for the appellant. May it please the Court, Michael Sneed on behalf of the Plaintiff Appellant Signature Mgmt Team. I'd like to reserve 3 minutes for rebuttal. This morning we're here on an unusual issue wherein my client was actually the prevailing party in the lower court case. The district court granted judgment in my client's favor and against the defendant granted an injunction in my client's favor, but allowed the defendant to maintain his anonymity. And so we're here today because that's the first time that we know of that any court has ever allowed an adjudicated infringer to remain anonymous. And as an infringer, he does not have a First Amendment right to maintain his anonymity. And so we are here on appeal for that issue. And how we got here, my client published a book called The Team Builder's Textbook. It sold over 100,000 copies. It's available for sale on Amazon. I think we all know the facts in these cases, but what did the district judge say that gives her the right to say to a party's lawyer, here's the name of the tortfeasor or defendant, but you can't tell it to your client? How does a district judge get between the client and his lawyer? Isn't that right? Do you know? Well, there is such a thing as a First Amendment right to anonymity. It just doesn't apply here. Yeah, but when you give it to the lawyer, the anonymity is gone, it seems to me. And then why doesn't the lawyer have the right? I mean, he's not the judge's attorney. He is the client's attorney. And if the client has any rights, that's one thing. But that's where I'm sort of on your side, I guess, in this regard in that question. I'll do my best to answer the question. I don't know if the judge is mine, but at that stage, it was an early stage of the case, and the judge expressly stated that she was trying to protect the defendant in case, and I can find the exact words, on the possibility that Doe would ultimately prevail on his fair use defense, she allowed him to maintain his anonymity as to my client. Now, the attorneys were in fact allowed to know his name for purposes of a deposition. And then the court went on to say at that early stage that, of course, should plaintiff ultimately prevail in this matter, Doe's identity will be revealed in the court's judgment and grant of relief. Now, for reasons that were not very well explained, the judge changed her own mind. And when we were granted judgment and relief, the trial court judge did not identify the defendant by name. So again, that's why we're here on appeal, is because we kind of got a hollow victory. It's going to be hard to enforce an injunction when we don't know. Well, let's talk about that. There's no award of damages. Your relief is the injunction. This information was published as part of a blog, not for commercial gain. So it seems like the whole purpose is to find his identity, not to get him to stop doing this. Well, the defendant has raised that question. And the trial court, in fact, after the judgment was entered, the defendant advanced the theory that, in fact, the defendant was Well, why do you need to know his identity? I guess that's the question. There's an injunction that's been entered. The judge is satisfied that it's not going to be violated. If it turns out it's violated, you know how to get him. I do, but the client wouldn't know that that was the same individual because the client doesn't know this individual. Maybe I'm missing something. I did not understand that the court entered a permanent injunction. I understood that the court entered an injunction that said, Doe, you are going to return or destroy all of the copies that you have of this book, and then you're going to certify to me that that has been done. And I thought the judge said the relief that has been granted to you has been received. We're done here. Actually, in a subsequent order, the judge, this was in conjunction with the defendant claiming to be the prevailing party. The court clarified that, no, in fact, Plaintiff was the prevailing party and at that point confirmed that the relief sought by us was an injunction against future infringement. And that was designed narrowly to vindicate Plaintiff's copyright. The court went on the same opinion to say that although, in the court's opinion, unmasking Doe was deemed unnecessary, it was deemed unnecessary to ensure the injunctive relief to which Plaintiff was entitled, destruction of the copies in defendant's possession, and prevention of future infringement. So this is the trial court's own words. They, according to the court, did issue an injunction for destruction of copies in defendant's possession and prevention of future infringement. That was document number 82, if you're looking for it. I mean, I understand what you're saying. And as far as I know, this is like the first post-judgment order like this. But in the larger picture, Doe is a blogger, which is something that is generally anonymous. And the anonymity, if you weigh it, and I think she did, you weigh the anonymity in general, or taking that away against your complaint, basically, which is that he published a small, or he published your book without permission, but he took it off and he destroyed the copies. And that your need to know who he is to maintain the relief that you were given is outweighed by the interest of bloggers in anonymity. And what's wrong with that analysis? A few things, and I'll try to address them all. We are not talking about his right to blog anonymously. He does have a right to blog anonymously, and he can continue to do so. Not a problem as long as he doesn't do anything illegal in that blog. Of course he can blog anonymously. We're talking about the judgment, and the judgment is narrowly a judgment for copyright infringement because he did infringe the copyright. That's not appealed. He is a copyright infringer. Copyright infringers do not have First Amendment rights. They do not have a First Amendment right to anonymity. So we're not talking about his blog. Yes, it was on his blog, but he can continue to blog. We don't have a First Amendment right in that copyrighted material that they improperly used. Correct? I'm struggling with the statement that they don't have a First Amendment right at all. They do. The question is what was ordered and what was found to be incorrect, a misuse, and whether that was remedied. But separate from that, you retain every, you're unrelated. I think you and I would agree, you retain unrelated First Amendment rights. If you have a blog that does something wrong with somebody's material and makes a whole bunch of other comments, if the court says you can't do that with their material, then they've lost all ability to use that material that way or to comment on it. But that doesn't say anything about the other things that they put on their blog, right? Absolutely. That's pretty standard. Absolutely. And again, he can continue to blog anonymously. No one's saying he can't. It's just a question of what the judgment would say. And the judgment, there's a presumption in this country that there are open court hearings, and it's a high standard to overcome that presumption. And in this case, there's really no basis for overcoming that presumption because as an infringer, he lost his right to maintain anonymity. This is in the cases. A copyright infringer cannot hide behind the First Amendment to maintain anonymity. And only for the most compelling reasons will court proceedings be closed. And, in fact, if a court is to close court proceedings, it must set forth specific findings and conclusions which justify nondisclosure to the public. So the default is open proceedings only for the most compelling reasons. And in particular, it is the defendant's burden to show clearly defined and serious injury if the court proceedings are to be closed, if they were to be open. So in this case, Doe wasn't really even asked to do that burden, and he really can't because as an adjudicated infringer, he does not have a First Amendment right to maintain his anonymity with regard to the judgment. Again, this does not reference his blog. He can continue to blog anonymously. And, again, a central purpose of copyright law is to discourage wrongful infringement. And in this case, there's been no discouragement for the defendant. He considers himself the prevailing party. So this will just encourage others to anonymously infringe copyrights. Okay, so there's a judgment against somebody named John Doe. The defendant won't have to disclose this to potential employers. This is not a public record. He gets to escape all of the normal consequences of being an adjudicated infringer, and there's no good reason for it. Again, as the public and as a litigant, there is a presumption of open proceedings. And here, because he's an adjudicated infringer, there's no basis for allowing him to maintain anonymity. The defendant would like the court to, post-judgment, apply the same test that courts apply pre-judgment. But those balancing tests make a lot of sense early. Somebody's claiming a First Amendment right to anonymity. You know the name, right, of the blogger or the attorney? I couldn't tell you right now if you asked me because I try not to think about it because I don't want to divulge it, but yes, it is accessible to me. In any event, the balancing tests do make sense early when you've got a defendant claiming a First Amendment right to anonymity and you've got a plaintiff who could be filing a frivolous lawsuit just to find out the identity. So at that point, the courts do balance the strength of the plaintiff's case against the alleged First Amendment right to anonymity. But here, those balancing tests don't make any sense. All of the weight is on the side of the defendant who is victorious, who has a judgment. You're saying we have to ignore the reality that once you know his name, once your client knows his name, the client is free to do whatever he wants with it. Your client could do whatever he wants with respect to the blog. And there's some evidence that bloggers have been harassed or threatened. I don't think there's any evidence that my client has been harassed. No, there isn't, but you want to look at it in the sense that, well, all you're doing is telling the prevailing party who he prevailed against, but that ignores the reality of what's behind the scenes. It ignores, number one, it ignores that this isn't this person's, this person's principal activity has nothing to do with the infringement. I mean, he's not somebody who sort of makes a living from infringing or who has a history of infringing. This is an incidental violation as part of a blog. And once a blogger is outed, there's no, I mean, maybe it's a good thing. I don't know, but I don't know that you ever have anonymity in the future because the target of the industry that you're targeting or the topic you're targeting knows and will presumably publish that. Well, first of all, that's completely speculation. There's no evidence that any of that would happen. But more importantly, the fact that this individual engages in free speech outside of the speech that was unprotected does not give him extra protection. We all engage in free speech. We all engage in protected speech. It doesn't mean unprotected speech in his case gets extra protection because he happens to be involved in a blog. So if he engaged in something and it's illegal, which there's an unappealed adjudication that it was, he has to face the consequences. And as the litigants and the public, the public has a presumption of a right to know who that is, and he has a high burden to overcome that. In this case, because he's an adjudicated infringer, he does not have that right. Well, are you arguing for your client's right or the public's right? Both. The client has a right, just like everybody else, to know, but the client has a particular right to know because there is an injunction, and they do have a right to enforce that injunction. I'm still struggling with the injunction. The language that you were referencing is in document 80-what? I'm sorry. Again, please. 82? 82. And what is that? Okay. It is, I don't know if you have access to it, but it's on the top of page 5. No. What is the name of the document? Oh, I'm sorry. It is Order Denying Defendants Motions for Fees and Costs, Denying Plaintiffs Motion for Fees and Costs. Oh, it's a fees order. Because I'm looking back at the order that entered the relief, and they clearly say that it's limited injunctive relief and that the motion for reconsideration was denied because explaining that the defendant has already declared to the court that he's complied with the proposed injunctive relief, and the relief granted in this case is relief in the form of the destruction of all copies of the work retained by Doe. Nothing prospective. I'm not seeing anything. I mean, this is the order saying what the relief is. Maybe there's some language that's questionable in the attorney fees, but Counselor, I'm just not seeing a perspective. I understand what you're saying, and I do think that the order itself that you're referencing wasn't as clear as it should have been, which is nice that the court was able to clarify it later. When Doe came in claiming to be the prevailing party, the court pretty strongly corrected him in saying, no, you're not the prevailing party, and in fact the plaintiff was entitled to injunctive relief, destruction of the copies in defendant's possession, and prevention of future infringement. So the court itself certainly thinks it ordered an injunction. We'll look at that. Thank you. Okay. Thank you. I'm out of time, so I defer my rest of my argument. Thank you. Thank you. Thank you, Mr. Spina. If it pleases the court,  Judge Sirhenrich, attorney's fees. Let's say everything they say is true, that they're concerned about the First Amendment, but how does he get to know who the infringer is, and the judge says, but you can't tell your client. That is actually a standard protective order provision. I believe I borrowed language from the Seventh Circuit. I mean, she proposed it to court, but that's a standard provision in protective orders. I know the Ninth Circuit and the Seventh Circuit have standard terms, which they urge people to use. The sorts of circumstances in which that kind of thing arises are precisely the sorts that the court deal with here. The point is an allegation was being made. There are facts which we – it was not my preferred relief. My preferred relief would have been for the court to say, your contention that he must be acting on behalf of Emway is purely speculative. I'm not going to grant you discovery as to who he is based on that speculation. Instead, what he said is, I'll let you take discovery on that, but it's going to be attorney's eyes only because your speculation may be wrong, and I don't want you to thereby learn who he is just by offering some speculation. I mean, there's something about this guy. I mean, it's my lawsuit. I don't know. Well, I'll read your Seventh Circuit case. And I'll indicate that that issue is not on appeal. The discovery, the protective order, and the nature of the – But it does concern me, I will tell you that. I understand that, but I would urge you to understand that there are circumstances in which, in their standard issue terms – Copyright law. Copyright, patent. It comes up a lot in trade secret, where attorneys are allowed to find things out in order to prosecute the case. As officers of the court. I'm sorry? Basically as officers of the court. As officers of the court, it's assumed that they will learn what they need to know and come back to the court if they can't find out what they need to know. I'm just not sure the court has the duty, as their master, to tell them that they can interfere with the attorney-client privilege. I understand. I mean, that's the sacrosanct of all. I would have preferred that they not learn, even as attorneys, my client's identity, but it's a commonly used method whereby courts – The problem for this case is that it's commonly used at the beginning of the litigation in order to prevent the making public someone's name who may have done nothing at all. And the question now is, we're at the end of the suit, and there seems to be very little precedent out there saying, what do you do at the end if somebody's still requesting to remain anonymous? Let me address that. And in the process, let me address something that Judge Strange raised. There was no injunction in this case. On the question of whether an injunction against future infringement should issue, the court explained that insufficient evidence had been put forward to justify it, and she did not issue that. She proposed to issue a destruction order based on the supposition that my client still had copies of infringing articles and asked for briefing on the subject. In briefing on the subject, I pointed out that my client had actually destroyed all articles months before this litigation had even begun, and on that basis the court indicated that her proposed injunctive relief, because she suggested that she might issue it but asked for briefing, was moot. There was no injunction in this case, and that's really, really important. If the balancing test is, and I urge that the legal test should be, that the right to anonymity can only be overcome upon a showing of need in order to vindicate a legal right, there was no showing of need. And that decision by the court, whether to issue injunctive relief, should be owed high deference. Moreover, it hasn't been appealed. So the document that's being cited here, the attorney's fees order, at the point of the attorney's fees order, the court no longer had jurisdiction over anything except the attorney's fees order, and she issued a statement that is being interpreted to clarify that she issued an injunction. I don't believe that that's what it means, but there's no such thing as an injunction by implication. It's not an order. There's no such thing as clarifying a judgment. The judgment has to state, Rule 58 and Rule 65, say that an injunction has to state its terms and who's bound by it, et cetera. Why do you engage in this balancing inquiry after the judgment's been entered, after the party lost? To respond to your question, something has been done wrong. Copyright is a strict liability tort. It's a congressional scheme which states that it is a copyright infringement, even if one acts completely innocently, even if one reasonably believes that the matter that you're publishing is in the public domain, reasonably believes that it's in good faith, et cetera. But the congressional scheme has a scheme of penalties. Even an innocent infringer has to pay statutory damages. That's the remedy given by Congress, statutory damages. An innocent infringer has to pay $200 for an innocent act of infringement. If it's willful, it can go up to $150,000. But the statutory scheme has an exception. If the copyright holder doesn't register its copyright until after the infringement has taken place, they are barred from even getting the $200 statutory damages. Team here didn't even purchase the copyright until after the infringement and then registered it. And as a result, Team couldn't get the ordinary statutory damages that a copyright holder is entitled to. It could have sought actual damages, but it chose not to. And it banked everything on obtaining an injunction. That's subject to all of the equitable principles that injunctions are normally subject to, and it failed to obtain one. Therefore, judgment or no, it had no need. This is not a case about impunity. This is a case about a person who, as soon as he learned that there was a claim of copyright infringement, took down the post, destroyed the copyrighted items. I assume all that's true. Yes. You still haven't answered Judge White's question. Why, at the end of this litigation, do you have a new balancing? And what is the problem, as your opposing counsel argues, with the duty to have open records in the court? The duty to hold open records is not unrestricted. We've all cited the same cases. There are situations in which the court can seal records upon a showing of a clear injury. The injury that the court found was precisely what Judge White and you have been referring to, which is the collateral impact on an anonymous blogger that he's being stripped of his anonymity. The notion that he can continue to blog anonymously is silly. People want to know who he is, especially people in this industry, and if a judgment with his name on it issues in this case, it will be public knowledge who he is. That is an irreparable harm. That is the harm the court— But irreparable harm is a notion that has to do with injunctions, with whether you intervene and make somebody do something or refrain from doing something, because damages aren't going to compensate them. But it's a collateral harm. As I think Your Honor pointed out, this person writes a blog, this relatively incidental matter as to which there shouldn't have even been a case or controversy. The only case or controversy that arose here was because there's an allegation, well, he's going to continue to do it. He's going to infringe in the future. We need to get an injunction. The court disagreed and didn't grant the injunction. So the question is, in the absence of any judicial remedy, when Tim complains about impunity here, the court determined not to issue the remedy it sought and was asked at that point to issue the remedy of stripping him of his anonymity and quite reasonably said, what purpose would be accomplished by stripping this speaker of the right to anonymity when all that's happened is we've determined that a past act, unlikely to be repeated, constituted copyright infringement for which there's no damages and the congressional scheme offers no remedy other than infringement and only upon a showing that hasn't been made? Well, I guess the answer is because this was a court proceeding, court proceedings are open, and you're taking an affirmative act to close them. But my client was involuntarily held into court in order to obtain a judicial remedy. That would prove too much, Your Honor. Every court proceeding is open. The mere filing of a complaint means that two people are in court and the court is agreeing to the right. No, and that's why they protect them until it's determined whether they were rightfully in court. Well, they were rightfully in court only in the sense that a remedy was being sought. That remedy was an injunction. So you're saying that this case really hinges on the fact that the only relief that was available or sought was the injunctive relief, that this case would be different if, in fact, the opposing party was able to avail itself of the $200 fine. No, I think in that case, and I've said this hypothetical in my briefing, I think there are similar cases where a court could say, okay, you're entitled to a $200 fine. I'm going to enter judgment anonymously, and if you don't pay the judgment in a week, $200, or pay it today, you're done. But the point is that he's been made whole. But what is the right that's being protected? The right that's being protected is the right to be made whole, and in the event that there's any risk of future harm, to be protected against that future harm. A determination was made here that there is no risk of future harm. But taking the possibility Your Honor is suggesting, yes, under the rule I'm proposing, there very well may be cases where the court will say, this is a willful infringer. He's likely to infringe again. I'm going to issue an injunction, and I'm going to issue it in his name so that you can go after him in the future because I think that that's warranted under the actual principles here. I'm not denying that a court might very well make that determination, but a court might also say, I think that the risk of future infringement is extremely low. I can issue some alternative release, such as to allow the attorneys to know the person's name and come back to me. I'm going to ask you something completely different. Let's say I'm a blogger. I'm your client. I find out that somebody knows who I am. Can I get an injunction against them publicizing that? I suppose it would depend on the circumstances, but an anonymous blogger is no different from any other person exercising the right to be anonymous. The question is, can the state's power of discovery, can the court's discovery power be used to find out who that person is and then publicize it where no other remedy, other than simply wanting to know who he is. But it's not discovery that's being used at this point. Sure. No, it's not. It's a judgment. It's a judgment against a particular person. Right. But the only way the court can issue a judgment in that person's name is either to allow defendant to discover who he is or to demand that I tell them who he is. But the only way that this person has learned who this anonymous person is is by using the courts. And let's remember, this whole case started by the issuance of a DMCA subpoena. So why don't we permit all sorts of litigation to be anonymous? Well, we do. I mean, there's two separate situations. When a plaintiff comes in and files a lawsuit voluntarily invoking the court and demanding judicial relief, there's a whole separate set of cases in which the courts require certain things to be shown, a risk of harassment, things like that. And those cases were cited below to this court as the standard here. But this whole topic of anonymity, it's arisen during the Internet, but it existed before, is when someone essentially files what's called a Doe case. You file a case against a person alleging some wrong and alleging that you're entitled to some remedy, and then you file, serve a subpoena to, in this case, the Internet service provider and say, Who is this person? I want to serve him with a complaint. And I'll tell you, 99% of the time, the subpoena is answered within a few weeks and that's the end of it. There are thousands and thousands of cases that never get adjudicated. On the very, very rare circumstance, what the ISP will often do is receive the subpoena, send a note to the person at issue saying, We've got the subpoena. You've got a week or two weeks or three weeks to show up in court with a motion to quash, otherwise we're going to out you. And it happens all the time. There are law firms devoted to filing these lawsuits and to finding out who people are. If that person is fortunate enough to find an attorney who's able to bring a motion to quash and come up with a legal theory, or sometimes it's a non-profit group. So back to, do you think the crux of this case is that there was no prospective injunctive relief? That's a very... That absolutely controls? In this case, yes, because in this case in the absolute absence of any such relief, there's no showing of need. But still it would have been up to the court's discretion to make that determination? I think that it's, yes, it's a constrained discretion. If the court, in situations where the court said that the need was outweighed, I think this court should examine that to determine whether, you know, just as with the ceiling cases, it's a constrained discretion. Then the question becomes, under what test is that examined? Because we are not in the same position that we were at the beginning when, let's don't call it innocent or wrongdoers, but before your client had been adjudicated as having violated a copyright. That would have been a very strong justification for not letting his name be known. And so now we're at the end of this suit, and once again we're at a balancing of factors. Is that what you would say? Yes, I would say that. You would say it's the art of living test? Yes, yes. And that you would then have to consider this new position, because now there is a copyright infringement, and the question becomes, one factor is, do we need the name in order to enforce a prospective injunction? Is it appropriate to put the name out there in light of the fact that, your side, that the relief ordered has been completely fulfilled and there's nothing else to process? Well, we are at the end, and now the court has to look at all those factors again? Yes, but I would remind the court procedurally what happened here. The court proposed not to issue an injunction, to issue the destructive order, and to maintain the person's anonymity. But sometimes you called it limited injunctive relief. Right, meaning the destruction order, destroying the things which it turns out he had destroyed years ago, and indicated that the court was not inclined to disclose the name under those circumstances, referring back to the balancing test she'd adopted earlier. I completely agree with you on that. And with the argument that the plaintiff has not provided any new arguments upon which I can base this. No, no. She issued a destructive, the proposed destructive order, an invited briefing. Right. Plaintiff, at that point, chose essentially to reiterate its entire summary judgment opposition, demanding an injunction. That's the choice they made. We demand an injunction, and that injunction must issue in the name of the defendant in order so that we can enforce the injunction that we're going to get. And the court basically said, well, okay, if that's what you've got in your 25 pages of briefing as to what I should do at this stage, I'm going to stick with my initial determination. They said plaintiff provides no new argument in its recent filing to explain why it would be necessary to unmask. Right. I mean, I think that would have been the point. But you don't dispute that there has to be a balancing test. At every stage. The question is, was the court right or was the court wrong? The court was correct. The court was correct. The court, correct for two reasons. Correct because having failed to issue any injunctive relief, it was an appropriate balance to then say the collateral effect of stripping this person of his anonymity is not warranted. And second, because the court, I think, in the event that she had issued any injunctive relief, for example, if the destruction order had been warranted, was entitled to say this is a relatively minor matter, so small that I'm satisfied that it satisfies justice, etc., etc., under my injunctive powers to order that he do it and that I've received a declaration under penalty of perjury that he's done so and I'm satisfied that justice has been done and that no further stripping is warranted. If at that point, at that point in the briefing, the team had wished to further emphasize the public interest in knowing who this person is, they could have done so, although I think the court quite rightly felt that, you know, that the public interest was served and that this is not, it's not like knowing who a sex offender is in your neighborhood or knowing who a felon is who would therefore not be able to vote or something else. This is a relatively minor offense for which Congress has given a very small scheme of remedies and that under those circumstances and applying the ceiling test which this court has announced, the clear injury that releasing of that information would cause was sufficient. Thank you. But you can see that you have no case anywhere where the court has said we have to keep the identity. Yes, and there's a reason for that, and I'll come back if I could. The reason for it is that these cases have tended to arise in very strange procedural postures, usually on motions to dismiss, often a motion to dismiss in a different state than the state where the underlying case is proceeding. Moreover, usually, and there are any number of, you know, ACLU, nonprofits, whatever do this, usually the client files a motion to dismiss, I meant a motion to quash, to quash a subpoena. Usually it arises in a case in which the entire case is fought on a motion to quash. The defendant either can't appear because the subpoena is being fought in California or Tennessee or wherever, and the case is in another state, or the defendant shows up and says I moved to quash the subpoena and the defendant doesn't offer to defend, especially in the copyright cases. But this is different. You're talking about discovering an identity from a third party, but you're not talking about. No, but what I'm saying is the situation in which it goes to trial usually doesn't arise for two reasons. First of all, because in all the other cases, the defendant didn't do what the defendant did here, which is show up in court, say I'm willing to defend this case anonymously if you wish to find out my identity, let's go through discovery, et cetera. So the procedural posture here is rare, as the Art of Living case pointed out. Defendants showed up voluntarily. They couldn't find out who he was. They sent his lawyer a letter saying will he show up in court, and I said yes, we'll accept service and we will show up and we will defend. But all these other cases where they do it on an interim basis, someone's litigating it? Yeah. The person has specially appeared. Either a third party defends that person's rights or a nonprofit defends its rights, or the person specially appears on a motion to quash, says I want to quash, and all of these cases have been decided on the basis that a prime official case wasn't shown. So at that stage, the case was over. The cases that proceed to trial are rare because they usually don't arise in a situation in which the defendant has shown up in court and was willing to defend the case. That's why cases like Cahill and Solers and Thompson, all the cases cited on the reply brief, those are all cases in which the court said all we need to know is whether there's a prime official case, because under those circumstances, service of the case had not yet taken place. If there was a prime official case, the only way that case could have proceeded was if the subpoena was quashed. I took a different tack in this case, and I did the same in the Art of Living case, which is my case. I said I'm not going to argue you haven't served the case yet. I'll accept service, and I'll show up, and I'll defend what my client did. That's a very different posture, and that's why this is an unusual situation. But the test that your honors have to apply, and I'd argue that it's a flexible test that has to be revisited several times, that that flexible test is the appropriate test. Okay, but that's your argument. There's no case law to support it. I agree. I agree. It's a very important case for that reason. Thank you. Thank you. Starting off where he left off, the reason all these balancing tests were at the preliminary stage is because the test is whether the plaintiff can establish, in some cases a prima facie case, sometimes it's can you survive summary judgment. Once it's determined that the plaintiff can, then the identity is revealed. So the balancing test here— What case do you have that says that in the event the litigation begins, the plaintiff's name must be revealed? Yeah, the litigation goes on. You're moving through and now you're at this end joint. It seems to me we have no case on either side. What we've got is a request that this court has deemed by balancing factors to be unnecessary. So I'm looking for cases where a court says if you win anything in the copyright arena, the anonymity has to be removed from that defendant. Sure. Let me find a few cases. Under the Call of the Wild case, quote, copyright infringement is not protected by the First Amendment. The BWP Media case, quote— We understand that. We're talking about a little bit different issue, and that's why you raised the open records, which was smart. The open records is an issue, and it does need to be considered. But what this judge did was the judge balanced the rights of this anonymous defendant and compared it to the rights of what does the public need? Is there a reason for the public to know? Because there's no question that you have some reason to want to know, but the balancing came out against you, and I'm asking you if you have a case that would not allow a balancing to be undertaken. I think all of them say that, and I'd like to address it in a couple of ways. First, the court did the balancing as it should in the beginning. At the initial stage when there was a possibility, in the court's own words, on the possibility that Doe would ultimately prevail on his fair use defense. That's the stage at which she decided not to allow at least my client to get the identity. And then she went on to say at that early stage, of course, should plaintiff ultimately prevail in this matter, Doe's identity will be revealed in the court's judgment and grant of relief.  Apparently she changed her mind. She didn't really explain why. And really it's her burden or her duty to explain why. In restricting access, she needed to set forth specific findings and conclusions which justify nondisclosure to the public. Counsel, do you agree that the answer to Judge Strange's question is that you're relying on a line of cases that generally says that we don't close proceedings, we don't keep things anonymous unless there's a really good reason, and that the only time that's been applied in this context is during discovery or prejudgment? You're not saying that there's some other case out there that says under these circumstances you get to know at the end of the case? No, other than there's a very good reason, and that is under these balancing tests, you're judging the strength of the plaintiff's case. And once there's a judgment, we couldn't possibly have a stronger case. It's an unappealed judgment. So all of the weight is on our side. Meanwhile, the other thing to balance is the First Amendment rights of the defendant. In this case, the defendant has no First Amendment rights. That's why I cited those cases. That's where I'm still struggling with you, saying that he has no First Amendment rights regarding misuse of your copyrighted materials. And that's the issue. And if you had a judgment to enforce, let's say you had to collect money against him, you'd really have a strong argument. You've got to reveal him. He's got to pay me money. Or I have a very strict prospective injunction, and I've got to be able to enforce it. You've got to give me his name. But that's not what we have here. And so I'm trying to figure out, and I think there's just no clear law that says you cannot or you must. So the question becomes, how do you apply this balancing, and did this court do it appropriately? Because you and I both know if this, in these cases where people have come forward to defend anonymously, if in the end they cannot keep themselves anonymous, they will not come forward to defend anonymously. They will say to you, come find me. And you already know that you can't find them because you couldn't find him in this case. So we're in a new scenario where there's an ability to adjudicate a right, but the question is, how do you handle the end resolution of that right? And I guess I would just like to say, if you've got a case that tells me how to handle the end resolution, I'm willing to hear it. But I don't think there is one. I agree that there's no case that has. I guess what I'm trying to say is there's a good reason for that. And the balancing so heavily favors a plaintiff who has been successful that it's a perfunctory balancing at best. It doesn't even make any sense once there's been a judgment. And I'd like to also point out that it seems like the defendant here is trying to argue for some sort of special status or special class because he happens to be a blogger. And I don't think this court's prepared to allow an entire class of people, otherwise everybody should blog, everybody should infringe anonymously without any repercussions, and they have some special status to not have their violative acts end up with a judgment with their name on it. All of us engage in protected speech every day. That doesn't mean that if we do engage in unprotected speech that we can remain anonymous when the judgment comes out. That just doesn't make any sense. And in this case particularly, my client has a right to know, even if, and I think the court does believe it entered an injunction, but even if it didn't, my client has a right to know that this person, to keep an eye out for this person in case he does do it again, with or without an injunction. We have a right to know whether he did it again because if he does it again, it'll be an even bigger problem. Well, you could say the same thing, I guess, about a judgment, that if there was a pretrial order protecting the anonymity and there's a verdict and the defendant comes in on the day of the verdict and hands over a check, there's no reason to know the defendant's identity or something. Well, that would be assuming, that would be getting rid of the presumption of open court records. And again, it's a high burden to overcome that presumption. And the court here expressly put the burden on my client to show that it was necessary. But that's not the test. There's a high burden of overcoming the presumption of open courts, and it's not my burden to show it. I have a right to it absent compelling circumstances. And where the... Do you have somewhere? You just rely on the open records general case for that. No, there's a case called Shane Group. The basic standard. Yeah. So to put the burden on us when this individual is an adjudicated infringer that does not have First Amendment rights to anonymity is not the correct standard. Thank you both. Thank you. The case will be submitted. This honorable court is now adjourned. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.